UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL GLICKSTEIN; G ASSET
MANAGEMENT,

                        Plaintiffs,

              -against-

PENSAM CAPITAL; MICHAEL STEIN;
GAVIN BEEKMAN; JOE ACKERMAN,

                        Defendants.

20-CV-4932 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

       Plaintiff, appearing *pro se*, brings this action under the Court's diversity jurisdiction, 28

U.S.C. § 1332, alleging "loss of compensation from intellectual property." By order dated

August 6, 2020, Chief Judge McMahon granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth in this order, the

Court dismisses the action but grants Plaintiff sixty days' leave to replead his claims.

## STANDARD OF REVIEW

       The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3).

       While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –
to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil
Procedure, which requires a complaint to make a short and plain statement showing that the
pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to
state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the
Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing
the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v.
Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals
of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550
U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court
must determine whether those facts make it plausible – not merely possible – that the pleader is
entitled to relief. *Id.*

## BACKGROUND

Plaintiff Michael Glickstein, a New York resident, invokes the Court's diversity
jurisdiction and brings this action against Pensam Capital, a Florida entity, and three of its
founders. The following allegations are taken from the complaint, which is confusing and
appears to be incomplete.[1]

On November 29, 2010, Plaintiff met with Defendant Mike Stein when Stein informed
Plaintiff that Stein's real estate company, Defendant Pensam Capital, was interested in investing

---

[1] The Court has already considered two of the eight cases Plaintiff has recently filed. *See
Glickstein v. Nadler*, ECF 1:20-CV-4058, 5 (S.D.N.Y. June 30, 2020); *Glickstein v. AB InBev*,
ECF 1:20-CV-3845, 5 (S.D.N.Y. June 29, 2020). As this action is substantially similar to
Plaintiff's prior cases, the Court provides only an abbreviated version of the statement of facts.

in the Florida area. Plaintiff had thought that Pensam was interested in "bridge lending," before

he learned that Defendants' "st[ole] [his] thesis to go national multi-family investment . . .  with

non-recourse financing." (ECF No. 2, at 6.) Plaintiff continues:

> They were right to approve my investment idea on real estate multifamily
> nationally with non-recourse financing representing a huge opportunity, which is
> something Pensam Capital stole from me re the idea, trade secret, intellectual
> capital, which I was telling him obviously for business purposes, to get a new
> partner with him and his firm on the huge opportunity, which Michael Stein and
> Pensam stole from us to scale and profit immensely buying 35,000 units of
> multifamily, mostly outside the state.

(*Id.*)

As for relief for his injuries, Plaintiff seeks $6,000,000,000, arguing that had Defendant

"appropriately invested with my firm to do their out of state multifamily acquisitions as was our

idea, my company would have 100% of the fees on the capital invested or they partnered with

our company." (*Id.*)

## DISCUSSION

### A.     Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

common ground that in our federal system of limited jurisdiction any party or the court *sua*

*sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v.*

*CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

**B.     Diversity Jurisdiction**

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff invokes the Court's diversity jurisdiction, but he fails to allege facts demonstrating that the Court has diversity jurisdiction over this action. While Plaintiff states that he and Defendants are diverse, he does not state to a reasonable probability that the amount in controversy exceeds $75,000. Plaintiff alleges that Defendants "stole" his investment strategy, but he does not state any facts regarding this strategy except to claim that Defendants purchased multifamily units outside of the Florida area and provided nonrecourse financing. Because this allegation does not suggest that Defendants violated any right of Plaintiff's, he cannot claim that the amount in controversy exceeds $75,000. Thus, the Court cannot exercise diversity jurisdiction over this matter.

**C.     Federal Question Jurisdiction**

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff does not invoke the Court's federal question jurisdiction, and he fails to allege any facts suggesting that he can assert a federal claim.

**D.      Claims on Behalf of G Asset Management**

The Court must dismiss G Asset Management's claims. An association or other artificial entity, such as G Asset Management, cannot appear *pro se* in federal court; it can only appear with an attorney. *See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993) (noting that courts do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney); *Eagle Assocs. v. Bank of Montreal*, 926 F. 2d 1305, 1308-10 (2d Cir. 1991).

Moreover, as a *pro se* litigant, Plaintiff Glickstein cannot act on behalf of another. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Plaintiff does not assert that he is an attorney. The Court therefore dismisses G Asset Management's claims without prejudice.

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court is doubtful that Plaintiff can cure the deficiencies in the complaint, but because the complaint appears to be incomplete, the Court grants Plaintiff sixty days' leave to replead his claims.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. Plaintiff's amended complaint must also plead facts establishing that this Court has subject matter jurisdiction over his claims.

To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

<b>CONCLUSION</b>

Plaintiff has consented to receive electronic service of Court filings. (ECF No. 3.)

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiff sixty days' leave to replead his claims. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-4932 (LLS). An Amended Complaint form is attached to this order. If Plaintiff fails to submit an amended complaint within the time allowed and does not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

SO ORDERED.

Dated:     August 10, 2020
           New York, New York

                                          _Louis L. Stanton_
                                           Louis L. Stanton
                                           U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.



-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
    (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
               (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name             Middle Initial      Last Name

_____

Street Address

_____

County, City                 State          Zip Code

_____

Telephone Number          Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                  State                  Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                  State                  Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                  State                  Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

| Street Address |

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.